# EXHIBIT A

Case 4:21-cv-02917   Document 1-1   Filed on 09/07/21 in TXSD   Page 2 of 11

8/6/2021 1:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56078322
By: Courtni Gilbert
Filed: 8/6/2021 1:27 PM

CAUSE NO. _____

| | | |
|---|---|---|
| ANTHONY JONES<br>　　Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| KROGER TEXAS, LP,<br>　　Defendant. | §<br>§<br>§ | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANTHONY JONES ("JONES"), Plaintiff, and complains of KROGER TEXAS, LP, Defendant, and for cause would respectfully show unto this Court as follows:

### I.
### Discovery Control Plan

1.　Discovery is intended to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### The Parties

2.　Plaintiff, ANTHONY JONES, is a natural person residing in Harris County, Texas.

3.　Defendant, KROGER TEXAS, LP ("KROGER"), is a corporation that conducts business in Texas and can be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA , or wherever it may be found.

## II.
## Request Pursuant to Rule 28 for Substitution of True Name

4. To the extent that Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and ANTHONY JONES hereby demands upon answer to this suit, that Defendant answer in its correct legal and assumed names.

## IV.
## Jurisdiction and Venue

5. This Court has jurisdiction over the parties and subject matter of this cause, and has jurisdiction to grant all relief requested by Plaintiff.

6. The amount in controversy is within the jurisdictional limits of this Court.

7. Venue of this action is proper in Harris County, Texas under, *inter alia*, Sections 15.002(a)(1) and (4) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Specifically, this suit is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County.

## V.
## Nature of the Case

8. On or about July 1, 2020, Plaintiff was shopping at KROGER (hereinafter referred to as "KROGER"). As Plaintiff was walking through the store, he slipped, landed forcefully on the ground and sustained severe and extensive injuries to his body (the "Fall").

## VI.
## Causes of Action

A.  **KROGER'S Premises Liability**

9. JONES incorporates by reference the statements made in the above paragraphs as if fully set out herein.

10. There can be no question that JONES is an innocent victim in this case. At the time of the Fall, JONES was an invitee of KROGER because he was a customer at KROGER. Because said store was open to the public, KROGER extended an invitation to JONES to shop at KROGER for the mutual benefit of both parties. Consequently, KROGER, by and through its employee/agents, owed JONES the duty to inspect the premises and maintain them in a reasonably safe manner.

11. KROGER was the owner and/or operator of the subject store at the time of the Fall and, therefore, either owned, occupied, or controlled the premises where the Fall and subsequent injury occurred. Such negligence was the proximate cause of KROGER's damages.

12. The substance left standing on the premises of KROGER posed an unreasonable risk of harm because individuals walking through the store may slip and fall in the substance through no fault of their own and severely injure themselves.

13. KROGER, by and through its employee/agents, knew or should have known of the dangerous condition of the premises of KROGER for numerous reasons including, but not limited to:

>    a.   Customers notified KROGER of the dangerous condition at the store or other KROGER stores of similar design and construction around the country;

    b.    KROGER agents, servants, or employees actually witnessed accidents caused by the dangerous condition at the subject store or other KROGER stores of similar design and construction around the country;

    c.    KROGER agents, servants, or employees actually caused the dangerous condition at the subject store or other KROGER stores of similar design and construction around the country;

    d.    KROGER agents, servants, or employees were involved in the design and construction of the dangerous condition at the subject store or other KROGER stores of similar design and construction around the country;

    e.    KROGER agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store or other KROGER stores of similar design and construction around the country;

    f.    KROGER agents, servants, or employees actually took precautionary measures regarding the dangerous condition at the subject store or other KROGER stores of similar design and construction around the country and negligently failed to remove, repair, or otherwise warn of the dangerous condition; and

    g.    The dangerous condition existed long enough at the subject store or other KROGER stores of similar design and construction around the country that KROGER did or should have discovered it upon reasonable inspection.

14. KROGER breached its duty of care by both failing to make the dangerous condition reasonably safe and/or failing to adequately warn JONES of the dangerous condition at the subject store. Each of these acts or omissions, taken alone or collectively, amount to premises liability by KROGER and JONES sustained damages as a proximate result of KROGER's conduct. Accordingly, KROGER is liable to JONES as a result of its premises liability.

### B.  *KROGER's Negligence*

15.  JONES incorporates by reference the statements made in the above paragraphs as if fully set out herein.

16.  At the time of the Fall, JONES was an invitee at JONES and, as such, KROGER had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting, or ensuring the inspection of, the property for any dangerous conditions and by making safe any latent defect or providing an adequate warning of any such defect.

17.  KROGER, by and through its employee/agents breached its duty of care by failing to reasonably inspect, or ensure the reasonable inspection of, the property for any dangerous conditions and by failing to make the dangerous condition reasonably safe and/or failing to adequately warn JONES of the dangerous condition at the subject store. Each of these acts or omissions, taken alone or collectively, amount to negligence by KROGER and JONES sustained damages as a proximate result of KROGER's conduct. Accordingly, KROGER is liable to JONES as a result of its negligence.

18.  Furthermore, KROGER, by and through its employees/agents breached its duty of care by failing to adequately hire, train, supervise and/or retain their employees/agents.

### C.  *KROGER's Malicious & Grossly Negligent Conduct*

19.  JONES incorporates by reference the statements made in the above paragraphs as if fully set out herein.

20.  KROGER acted with malice, as that term is defined by Civil Practice & Remedies Code §41.001(7). Specifically, KROGER, by and through its employee/agents

failed to reasonably inspect, or ensure that others reasonably inspected, the premises of KROGER to determine if the premises were safe and acted with total disregard for the circumstances existing at the time. In the alternative, KROGER, by and through its employee/agents, failed to make the dangerous condition on its premises reasonably safe and/or failed to adequately warn its invitees of same and acted with total disregard for the circumstances existing at the time.

21. When viewed from the perspective of KROGER at the time of the acts or omissions, the acts or omissions of KROGER involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Moreover, KROGER had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Consequently, KROGER is liable to JONES for exemplary damages.

## VII.
## Damages

### A. *General Damages of ANTHONY JONES*

22. As a direct and proximate result of Defendant's negligence, Plaintiff, ANTHONY JONES, has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent.

23. From the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, ANTHONY JONES, for each element are as follows:

      a.    The physical pain that ANTHONY JONES has suffered from the date of the accident in question up to the time of trial.

      b.    The mental anguish that ANTHONY JONES has suffered from the date of the accident in question up to the time of trial.

      c.    The damages resulting from the physical impairment suffered by ANTHONY JONES and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

      d.    The loss of any earnings sustained by ANTHONY JONES from the date of the incident in question up to the time of trial.

      e.    The disfigurement which Plaintiff has suffered from the date of the incident in question up to the time of trial.

24.    From the time of trial of this case, the elements of damages to be considered which Plaintiff, ANTHONY JONES, will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

      a.    The physical pain that ANTHONY JONES will suffer in the future beyond the time of trial.

      b.    The mental anguish that ANTHONY JONES will suffer in the future beyond the time of trial.

      c.    The damages resulting from the physical impairment that ANTHONY JONES will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

      d.    The loss or reduction in Plaintiff's earnings or earning capacity in the future caused by the injuries sustained in the incident in question.

      e.    The disfigurement which Plaintiff will suffer in the future beyond the time of trial.

25.    Because of all of the above and foregoing, Plaintiff, ANTHONY JONES, has

been damaged and will be damaged in an amount within the jurisdictional limits of the Court.

### B.    *Medical Damages of ANTHONY JONES*

26.    Further, as a direct and proximate result of Defendant's negligence, it was necessary for your Plaintiff, ANTHONY JONES, to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date. Plaintiff, ANTHONY JONES, here now sues for an additional sum within the jurisdictional limits of the Court for past and future medical, hospital and drug services.

### C.    **Gross Negligence/Malice**

27.    The actions of the Defendant were so heedless and showed such a reckless disregard for the right of others affected by them, and particularly in this instance, as to constitute gross negligence and malice as defined by law. Such heedless and reckless disregard is more than momentary thoughtlessness, inadvertence or error in judgment. The acts and/or omissions of said Defendant as specifically complained of herein were the result of conscious indifference to the rights, welfare, and/or safety to your Plaintiff. Accordingly, because of such gross negligence and malice, Plaintiff further sues for exemplary and punitive damages in an amount within the jurisdictional limits of the Court.

### D.    **Prejudgment Interest**

28.    In addition to the above and foregoing allegations, Plaintiff further pleads that he is entitled to prejudgment interest at the highest rate allowed by law.

## VIII.
## Conditions Precedent

29.     All conditions precedent have occurred, have been performed, have been waived or have otherwise been excused.

## IX.
## Miscellaneous

30.     JONES respectfully reserves the right to amend and plead further as necessary and as additional facts are uncovered.

## X.
## T.R.C.P. 47©

31.     Pursuant to T.R.C.P. 47©, Plaintiff herenow seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

## XI.
## RULE 193.7 NOTICE

32.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.
## Prayer

WHEREFORE PREMISES CONSIDERED, ANTHONY JONES asks that Defendant be cited to appear and answer, and on final trial, that Defendant be held liable and judgment be rendered for Plaintiff, ANTHONY JONES as follows:

(a)     All actual, consequential, and special damages;

(b)     Pre-judgment interest as provided by law;

©      Punitive damages as provided by law;

(d)   Post-judgment interest;

(e)   Costs of Court; and,

(f)   Such other and further relief, both general and special, legal and equitable, to which ANTHONY JONES may show himself justly entitled.

Respectfully submitted,

**THE TODD LAW GROUP, PLLC**


By: _/s/ *Jeffrey N. Todd*_
**Jeffrey N. Todd**
State Bar No. 24028048
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
Telephone: (832) 243-4953
Telecopier: (713) 583-7818
jeff@jefftoddlaw.com

**ATTORNEYS FOR PLAINTIFF**