IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY JONES<br>*Plaintiff* | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION NO: 4:21-cv-2917 |
| KROGER TEXAS L.P.<br>*Defendant.* | §<br>§<br>§ | |

# DEFENDANT KROGER TEXAS L.P.'S
# MOTION FOR SUMMARY JUDGMENT

**BAKER • WOTRING LLP**

*/s/ Earnest W. Wotring*
Earnest W. Wotring
Federal ID No. 15284
State Bar No. 22012400
*Attorney-in Charge*
Karen R. Dow
Federal ID No. 18776
State Bar No. 06066800
Aliyah Davis
Federal ID No. 3734619
State Bar No. 24120791
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1700
Facsimile: (713) 980-1701
ewotring@bakerwotring.com
kdow@bakerwotring.com
adavis@bakerwotring.com

*Attorneys for Defendant Kroger Texas L.P.*

**Table of Contents**

| | | | |
|---|---|---|---|
| I. | | Nature and Stage of the Proceeding | 1 |
| II. | | Statement of the Issues to Be Ruled Upon | 2 |
| III. | | Summary of Argument | 3 |
| IV. | | Argument | 3 |
| | A. | Summary Judgment Standard | 3 |
| | B. | Standards of Liability of Premises Owners and Operators. | 4 |
| | C. | Plaintiff has no evidence establishing essential elements of his premises liability claim. | 6 |
| | D. | Plaintiff has no evidence establishing essential elements of his negligence claim. | 9 |
| | E. | Plaintiff has no evidence to support his claims for past and future general damages and medical damages | 10 |
| | F. | Plaintiff has no evidence to support his claim for exemplary damages. | 11 |
| V. | | Conclusion | 12 |
| VI. | | Appendix | 13 |

TABLE OF AUTHORITIES

**Cases**

*Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784 (5th Cir.) ................................................................. 4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). ................................................................. 3

*Austin v. Kroger Tex., L.P.*, 465 S.W.193 (Tex. 2015) .................................................................. 6

*Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). .......................................................................... 1

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................. 4

*City of Denton v. Paper*, 376 S.W.3d 762 (Tex. 2012) ................................................................. 7

*City of Houston v. Gonzales*, Cause No. 14-20-00165-CV, 2021 WL 2154155 (Tex. App.—
    Houston [14th Dist.] May 27, 2021, no pet.) ........................................................................ 6

*Cloyd v. KBR, Inc.*, Civil Action No. H-20-3714, 2021 WL 5494685 (S.D. Tex. Nov. 23, 2021) 3

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97 (Tex. 2000). ......................................................... 6, 7

*Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762 (Tex. 2010) .................................................... 5

*H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218 (Tex. 1999) ................................................ 6

*H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258 (Tex. 1992) ................................................... 5

*Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636 (Tex. App.—Houston [1st Dist.] 2005,
    pet. denied) ........................................................................................................................... 7

*Henkel v. Norman*, 441 S.W.3d 249 (Tex. 2014) .......................................................................... 6

*Hillis v. McCall*, 602 S.W.3d 436 (Tex. 2020) ............................................................................. 5

*Houston v. Texas Dep't of Agric.*, 17 F.4th 576 (5th Cir. 2021) .................................................... 4

*Keetch v. Kroger Co.*, 845 S.W.2d 262 (Tex. 1992) ............................................................. 4, 6, 7, 9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .................................... 4

*Nabors Drilling, U.S.A. v. Escoto*, 288 S.W.3d 401 (Tex. 2009). ................................................. 9

*Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640 (Tex. 2016) .......................................... 4, 5, 9

*Oliver v. Scott,* 276 F.3d 736 (5th Cir. 2002) ................................................................................ 4

*Oncor Elec. Delivery Co., LLC v. Murillo*, 449 S.W.3d 583 (Tex. App.—Houston [1st Dist.]
   2014, pet. denied) ................................................................................................................ 4, 5, 6, 9

*Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605 (5th Cir. 2018) ............................................... 3

*Sampson v. University of Texas*, 500 S.W.3d 380 (Tex. 2016) ..................................................... 5

*State v. Shumake*, 199 S.W.3d 279 (Tex. 2006) ............................................................................ 6

*TIG Ins. Co., v. Sedgwick James of Wash*., 276 F.3d 754 (5th Cir. 2002) ..................................... 4

*Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.749 (Tex. 1998) .............................. 4, 5

*Tolan v. Cotton*, 572 U.S. 650 (2014). .......................................................................................... 2

*TXI Operations, L.P. v. Perry*, 278 S.W.3d 763 (Tex. 2009) ........................................................ 6

*United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463 (Tex. 2017) .......................................... 4, 5, 9

*United States v. 4.620 Acres of Land, more or less, in Hidalgo County, Texas*, Civil Action No.
   7:20-cv-00154, 2021 WL 5999388 (S.D. Tex. Dec. 20, 2021) ................................................... 3

*W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005) ........................................................... 5

*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812 (Tex. 2002) ........................................................ 7

*Weingarten, Inc. v. Tyra*, 381 S.W.2d 215 (Tex. Civ. App.—Tyler 1964, not writ) ..................... 7

*Wilson v. Nw. Texas Healthcare Sys., Inc*. 576 S.W.3d 844 (Tex. App.—Amarillo 2019, no pet.)
   ..................................................................................................................................................... 4

**Statutes**

TEX. CIV. PRAC. & REM. CODE §41.001(2) ................................................................................. 11

TEX. CIV. PRAC. & REM. CODE §41.001(11). .............................................................................. 12

TEX. CIV. PRAC. & REM. CODE §41.003(a). ................................................................................ 11

TEX. CIV. PRAC. & REM. CODE §41.003(b). .................................................................................. 11

**Rules**

FED. R. CIV. P. 56(a) ............................................................................................................. 1, 2, 3

Defendant Kroger Texas L.P. ("Defendant" or "Kroger") files this Motion for Summary Judgment on Plaintiff Anthony Jones' ("Plaintiff" or "Jones") claims against Kroger for premises liability, negligence, past and future general damages and medical damages, and exemplary damages pursuant to Federal Rule of Civil Procedure 56. Kroger is entitled to summary judgment as a matter of law because the discovery deadline has passed, and there are no genuine disputes of material fact with respect to Jones' claims against Kroger for premises liability, negligence, past and future general damages and medical damages, and exemplary damages.[1]

## I.
## Nature and Stage of the Proceeding

This is a slip and fall case. Jones originally filed this lawsuit on August 6, 2021, in the 165th Judicial District of Harris County, Texas. On September 7, 2021, Kroger removed this case to this court, pursuant to 28 U.S.C. § 1332, on the basis of diversity jurisdiction because the claims in this action are between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.[2] The discovery deadline in this case was September 30, 2022.[3] The deadline for dispositive motions is October 15, 2022.[4] Docket call is

---

[1] FED. R. CIV. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law….).

[2] Dkt. No 1. According to his Original Petition, Jones is a citizen of Harris County, Texas. Kroger Texas L.P. is an Ohio limited partnership having its principal place of business in the State of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Cincinnati, Ohio. The limited partner of Kroger Texas L.P. is KRLP Inc., also an Ohio corporation with its principal place of business in Cincinnati, Ohio. The citizenship of a limited partnership is determined by the citizenship of each partner, both general and limited. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-196 (1990). Accordingly, since Kroger Texas L.P. is made up of corporations which are incorporated and headquartered in Ohio, Kroger Texas L.P. is a citizen of Ohio for purposes of diversity jurisdiction. In his Original Petition, Jones states that he "seeks monetary relief over $200,000.00 but not more than $1,000,000.00."

[3] Dkt. No. 7.

[4] *Id*.

1

set for January 9, 2023, at 11:30 a.m.[5]

Jones alleges that on or about July 1, 2020, he was shopping at Kroger, and as he was walking through the store, he "slipped, landed forcefully on the ground and sustained severe and extensive injuries to his body (the 'Fall')."[6] Jones has asserted causes of action against Kroger for premises liability and negligence.[7] In addition to seeking recovery of his alleged actual damages, Jones has asserted a claim against Kroger for exemplary damages, incorrectly claiming that Kroger's conduct was malicious and grossly negligent.[8]

## II.
## Statement of the Issues to Be Ruled Upon

1. Whether there is a genuine dispute as to any material fact with respect to Jones' premises liability claim against Kroger.[9]

2. Whether there is a genuine dispute as to any material fact with respect to Jones' negligence claim against Kroger.[10]

3. Whether there is a genuine dispute as to any material fact with respect to Jones' claims for past and future general damages and medical damages.[11]

4. Whether there is a genuine dispute as to any material fact with respect to Jones' claim for exemplary damages in this lawsuit.[12]

---

[5] *Id.*

[6] Dkt. No. 1-1 at p. 3.

[7] Dkt. No. 1-1 at pp. 4-6.

[8] Dkt. No. 1 at pp. 6-7 and 9.

[9] Summary judgment is appropriate if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 656-657 (2014).

[10] *Id.*

[11] *Id.*

[12] *Id.*

## III.
## Summary of Argument

1. Kroger is entitled to summary judgment on Jones' claim for premises liability because Jones has no evidence that Kroger had actual or constructive knowledge of a substance on the floor prior to Jones' accident.

2. Kroger is entitled to summary judgment on Jones' claim for negligence because Jones has no evidence that Kroger committed any contemporaneous negligent acts that proximately caused his alleged injuries.

3. Kroger is entitled to summary judgment on Jones' claims for past and future general damages and medical damages because Jones has no evidence to support those claims.

4. Kroger is entitled to summary judgment on Jones' claim for exemplary damages because Jones has no evidence that Jones' alleged damages resulted from fraud, malice, or gross negligence.

## IV.
## Argument

**A.   Summary Judgment Standard**

Federal Rule of Civil Procedure 56 mandates that a trial court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13]  "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[14]  Issues of fact are genuine only if they require resolution by a trier of fact.[15]

The movant on a summary judgment motion does not have a burden "to produce evidence

---

[13] FED. R. CIV. P. 56(a). *See also*, *United States v. 4.620 Acres of Land, more or less, in Hidalgo County, Texas*, Civil Action No. 7:20-cv-00154, 2021 WL 5999388, at *11 (S.D. Tex. Dec. 20, 2021).

[14] *Cloyd v. KBR, Inc.*, Civil Action No. H-20-3714, 2021 WL 5494685, at *2 (S.D. Tex., Nov. 23, 2021) (quoting *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 610 (5th Cir. 2018)).

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

3

showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof."[16] Rather, the movant may meet its burden by pointing out that "there is an absence of evidence to support the nonmoving party's case."[17] "Once the moving party has initially shown 'that there is an absence of evidence to support the non-moving party's cause,' the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial."[18] "Summary judgment cannot be defeated through '[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation.'"[19]

**B.      Standards of Liability of Premises Owners and Operators.**

Premises owners and occupiers, such as Kroger, may be held liable for personal injuries caused by either: (1) negligent activities of the owner or occupier, *or* (2) unreasonably dangerous conditions on the premises.[20] Depending on the circumstances, a person injured on another's property may have either a negligence claim or a premises liability clam against the property owner or occupier.[21] When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply.[22] When the injury is the result of the property's

---

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[17] *Id.*

[18] *Houston v. Texas Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (citing *TIG Ins. Co., v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Celotex. Corp. v. Catrett*, 477 U.S. 317, 325 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[19] *Houston*, 17 F.4th at 582 (citing *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (alteration in original) (quoting *Oliver v. Scott,* 276 F.3d 736, 744 (5th Cir. 2002)).

[20] *Oncor Elec. Delivery Co., LLC v. Murillo*, 449 S.W.3d 583, 607 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998).

[21] *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017); *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016); *Keetch v. Kroger Co*., 845 S.W.2d 262, 264 (Tex. 1992).

[22] *Occidental Chem. Corp.*, 478 S.W.3d at 644 (citing *Keetch*, 845 S.W.2d at 264); *Wilson v. Nw. Texas Healthcare Sys., Inc*. 576 S.W.3d 844, 849 (Tex. App.—Amarillo 2019, no pet.) (citing *Keetch*, 845 S.W.2d at 264).

condition rather than an activity, premises liability principles apply.[23]

The Texas Supreme Court has held that because negligence and premises liability claims are based on independent theories of recovery, they are not interchangeable.[24] Negligent activity and premises liability claims "involve closely related but distinct duty analysis."[25]

A premises owner or occupier performing activity on property it controls has a duty to use ordinary care so that its activity does not proximately cause foreseeable injury.[26] In a negligent activity case, a property owner or occupier must do what a person of ordinary prudence in the same or similar circumstances would have done, whereas a property owner or occupier in a premises liability case must "use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition which the owner or occupier [of land] knows about or in the exercise of ordinary care should know about."[27]

Underpinning the distinctions between negligent activity and premises liability claims is the principle that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe."[28] In a negligent activity case, a plaintiff's injuries must be directly related to an ongoing activity, and if the injury was caused by a condition created by the activity rather than the

---

[23] *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020) ("A claim against a property owner for injury caused by a condition of real property generally sounds in premises liability." (quoting *Occidental Chem. Corp*. 478 S.W.3d at 642); *Occidental Chem. Corp*., 478 S.W.3d at 644 (citing *H.E. Butt Grocery Co. v. Warner*, 845 S.W.2d 258, 259 (Tex. 1992)).

[24] *United Scaffolding, Inc*., 537 S.W.3d at 471.

[25] *Id*. (quoting *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)).

[26] *Oncor Elec. Delivery Co., LLC*, 449 S.W.3d at 607.

[27] *United Scaffolding, Inc*., 537 S.W.3d at 471 (quoting *Timberwalk Apartments, Partners, Inc.*, 972 S.W.2d at 753).

[28] *United Scaffolding, Inc*., 537 S.W.3d at 471 (quoting *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 775-776 (Tex. 2010)); *Sampson v. University of Texas*, 500 S.W.3d 380, 388 (Tex. 2016) (quoting *Del Lago Partners, Inc.,* 307 S.W.3d at 776).

5

activity itself, the plaintiff is limited to a premises liability theory of recovery.[29]

A negligent activity claim arises from activity contemporaneous with the occurrence, whereas a premises-defect claim is based on the property itself being unsafe.[30] When a claim does not result from contemporaneous activity, the claimant has no negligent-activity claim, and his claims sounds exclusively in premises-defect.[31]

**C.    Plaintiff has no evidence establishing essential elements of his premises liability claim.**

The duty owed by an owner or occupier of a premises to an invitee is not that of an insurer.[32] Generally, a premises owner/operator has a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owner/operator knew of the conditions or, in the exercise of reasonable care, should have known of them.[33]

The elements of a cause of action for premises liability brought by an invitee are: (1) actual or constructive knowledge of some condition on the premises by the owner/operator; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused the plaintiff's injury.[34]

Generally, a plaintiff may satisfy the "notice" element of a premises liability cause of action by establishing that: (1) the defendant placed an object or a substance on the floor; (2) the

---

[29] *Oncor Elec. Delivery Co., LLC*, 449 S.W.3d at 591.

[30] *City of Houston v. Gonzales*, Cause No. 14-20-00165-CV, 2021 WL 2154155, at *4 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.) (citing *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006)).

[31] *Id*. (citing *Austin v. Kroger Tex., L.P*., 465 S.W.193, 215 (Tex. 2015)); *Shumak*e, 199 S.W.3d at 284).

[32] *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

[33] *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014); *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764-765 (Tex. 2009).

[34] *Henkel*, 441 S.W. 3d at 251-252; *CMH Homes, Inc.*, 15 S.W.3d at 99; *H.E. Butt Grocery Co. v. Resendez*, 988 S.W.2d 218-219 (Tex. 1999); *Keetch,* 845 S.W.2d at 264.

defendant actually knew that an object or substance was on the floor and negligently failed to remove it; or (3) it is more likely than not that the condition lasted long enough to give the premises owner or occupier a reasonable opportunity to discover it.[35]

For a premises owner or operator to have actual knowledge of a condition, the owner or operator must know the hazard existed but negligently failed to cure it.[36] To prove the actual knowledge element of a premises liability claim, the plaintiff must show that at the time of the incident, the owner/operator of the premises knew about the dangerous condition.[37] "Constructive knowledge" is a substitute in the law for "actual knowledge."[38] In premises cases, constructive knowledge can be established by showing that a condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection.[39]

Jones has no evidence to establish that Kroger had notice of an alleged substance on the floor prior to his accident. In fact, Jones has no evidence to establish that there even was a substance on the floor prior to his accident. At his deposition, Jones testified that when he turned to put apple cider vinegar in his cart, his "feet slipped from underneath [him]," and "[t]he apple cider vinegar went over [his] head and busted on the floor."[40] When asked if he knew what caused his feet to fall from underneath him, Jones testified that "[i]t was something wet on the floor;"[41] however, Jones did not know if whatever was wet on the floor was clear or if it had a color.[42] Jones

---

[35] *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 645 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *Keetch*, 845 S.W.2d at 265). *See also*, *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Weingarten, Inc. v. Tyra*, 381 S.W.2d 215, 218 (Tex. Civ. App.—Tyler 1964, not writ).

[36] *See Keetch,* 845 S.W.2d at 264.

[37] *See City of Denton v. Paper*, 376 S.W.3d 762, 767 (Tex. 2012).

[38] *CMH Homes, Inc.,* 15 S.W.3d at 102.

[39] *Id*. at 102-103.

[40] Plaintiff Anthony Jones' 9/30/2022 Deposition, attached as Exhibit A at 37:24-38:16.

[41] *Id*. at 42:13-16.

[42] *Id*. at 44:2-4.

also did not know if whatever was wet on the floor had on odor,[43] nor could Jones describe the texture of whatever, if anything, was wet on the floor.[44]

When asked whether he saw what that "something wet on the floor" would have been before or after his fall, Jones responded "I'm not sure."[45] When asked whether he recalled seeing at any point that something wet was on the floor, Jones responded "[n]o ma'am."[46] Jones also testified he was not sure if any Kroger employee indicated to him that any Kroger employee knew there was a substance on the ground.[47] Jones further testified that he did not have information about how long any substance would have been on the floor,[48] and he was not sure if any substance would have been on the floor fifteen (15) minutes before he entered the store or one (1) minute before he entered the store.[49] When asked whether he knew how whatever substance, if any, would have gotten on the floor, Jones said no.[50] Moreover, Jones testified that he did not see anything on the floor before his accident occurred.[51] More specifically, when asked whether he saw anything on the floor before his fall happened, Jones stated "[n]o, I didn't see anything."[52]

Additionally, the Kroger Assistant Store Manager who filled out the Incident Report after Jones' accident described the aisle where Jones' accident occurred as having "no spills or trash in [the] section where [the] customer fell."[53] The Incident Report filled out the day of Jones'

---

[43] *Id.* at 44:5-7.

[44] *Id.* at 44:8-10.

[45] *Id.* at 42:17-19.

[46] *Id.* at 42:20-22.

[47] *Id.* at 84:8-14.

[48] *Id.* at 84:15-17

[49] *Id.* at 84:18-85:2

[50] *Id.* at 85:8-11.

[51] *Id.* at 52:22-53:10.

[52] *Id.* at 52:22-53:10.

[53] Kroger Incident Report filled out by Assistant Store Manager Richard Zuniga, attached as Exhibit C at p. 2.

accident—which Kroger produced to Plaintiff in its Initial Disclosures—is a record of Kroger's regularly conducted activity.[54] Kroger should not be charged with notice of "something wet" on the floor prior to Jones' accident because Jones has no evidence of how any alleged substance got on the floor, how long it was there, or even if there was a substance on the floor prior to his accident. Jones cannot even testify that he saw anything on the floor at all.[55]

There is no genuine dispute as to any material fact with respect to Jones' premises liability claim against Kroger. Jones has no evidence establishing essential elements of his premises liability claim. In particular, Jones has no evidence that Kroger had actual or constructive knowledge of a substance on the floor prior to his accident. Accordingly, Kroger is entitled to summary judgment as a matter of law on Jones' premises liability claim.

**D.    Plaintiff has no evidence establishing essential elements of his negligence claim.**

The elements of a cause of action for negligence are: (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached the duty; and (3) the breach proximately caused the plaintiff's injury.[56] A plaintiff injured on another's property who asserts a cause of action for negligence must prove that he or she was injured by, or as a contemporaneous result of, the defendant's negligent activity, as opposed to a condition created by the negligent activity.[57] Absent evidence of a contemporaneous act, a negligent activity claim fails.[58]

Jones has no evidence establishing that: (1) Kroger breached a legal duty owed to Jones; (2) Kroger's alleged breach of its duty proximately caused Jones' alleged injuries; or (3) Jones was

---

[54] *See* Affidavit of Richard Zuniga, attached as Exhibit B.

[55] Exhibit A at 43:25-44:1.

[56] *Nabors Drilling, U.S.A. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

[57] *United Scaffolding, Inc.*, 537 S.W.3d at 471; *Occidental Chem. Corp.*, 478 S.W.3d at 644; *Oncor Elec. Delivery Co., LLC*, 449 S.W.3d at 591.

[58] *See Keetch,* 845 S.W.2d at 264.

injured by, or as a contemporaneous result of, Kroger's negligent activities. There is no genuine dispute as to any material fact with respect to Jones' negligence claim against Kroger. Accordingly, Kroger is entitled to summary judgment as a matter of law on Jones' negligence claim.

**E.     Plaintiff has no evidence to support his claims for past and future general damages and medical damages.**

In asserting a claim for "General Damages" against Kroger, Jones alleges that "as a direct and proximate result of Defendant's negligence, [he] has sustained mental and physical pain and suffering, mental anguish, physical impairment, lost wages in the past, and loss of earning capacity in the future, all of which are in reasonable probability permanent."[59] With respect to his claim for "General Damages," Jones alleges that "[f]rom the date of the accident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate [him]" are: physical pain; mental anguish; damages resulting from the physical impairment that he suffered and the resulting inability to do those tasks and services that he ordinarily would have been able to perform; loss of earnings; and disfigurement.[60]

With respect to this claim for "General Damages," Jones also alleges that "[f]rom the time of trial in this case, the elements of damages to be considered which [he] will sustain in the future beyond the trial" are: physical pain, mental anguish, damages resulting from the physical impairment that he will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial; loss or reduction in

---

[59] Dkt. No. 1-1 at p.7.

[60] *Id*. at pp. 7-8.

his earnings or earning capacity; and disfigurement.[61]

In asserting a claim for "Medical Damages" against Kroger, Jones alleges that "as a direct and proximate result of Defendant's negligence, it was necessary for [him] to secure medical and hospital services, including drugs and other medication, and it is reasonably probable that he will require additional medical, hospital and drug services in the future beyond this date."[62]

Summary judgment in favor or Kroger is warranted because Jones has no evidence establishing that as a result of Kroger's alleged negligence or the occurrence in question, he has sustained the past "General Damages" and "Medical Damages" he has alleged or will sustain the future "General Damages" and "Medical Damages" he has alleged.

### F. Plaintiff has no evidence to support his claim for exemplary damages.

Jones has asserted a claim against Kroger for exemplary damages.[63] Under Chapter 41 of the Texas Civil Practice & Remedies Code ("CPRC"), a claimant must prove by clear and convincing evidence[64] that the harm with respect to which the claimant seeks recovery of exemplary damages resulted from: (1) fraud; (2) malice; or (3) gross negligence.[65] The burden of proof may not be shifted to the defendant or satisfied by evidence or ordinary negligence, bad faith, or a deceptive trade practice.[66]

Under Chapter 41 of the CPRC, "gross negligence" means an act or omission: (1) which

---

[61] *Id*. at p. 8.

[62] *Id.* at p. 9.

[63] *Id*. at p. 7. In asserting a claim against Kroger for exemplary damages, Jones alleges that Kroger's acts or omissions "involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others," and Kroger "had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others." *Id*.

[64] Under Chapter 41 of the CPRC, "clear and convincing" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. TEX. CIV. PRAC. & REM. CODE §41.001(2).

[65] TEX. CIV. PRAC. & REM. CODE §41.003(a).

[66] TEX. CIV. PRAC. & REM. CODE §41.003(b).

11

when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.[67]

Summary judgment in favor of Kroger on Jones' claim for exemplary damages is warranted because Jones has no evidence that Kroger committed fraud, acted with malice, or was grossly negligent. Summary judgment in favor of Kroger on Jones' claim for exemplary damages is further warranted because with respect to Jones's claim that Kroger was grossly negligent, Jones has no evidence that: (1) any act or omission by Kroger at the time of Jones' accident involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) of which Kroger had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

## V.
## Conclusion

Based on the foregoing arguments, authorities, and the undisputed facts and evidence, Kroger is entitled to summary judgment on all of Jones' claims in this case. More specifically, Kroger is entitled to summary judgment on Jones' claim for premises liability because Jones has no evidence that Kroger had actual or constructive knowledge of the alleged substance on the floor prior to Jones' accident, or evidence of any other elements of Jones' premises liability claim. Kroger is entitled to summary judgment on Jones' claim for negligence because Jones has no evidence that Kroger committed any contemporaneous negligent acts that proximately caused his alleged injuries, or evidence of any other elements of Jones' negligence claim. Kroger is entitled

---

[67] TEX. CIV. PRAC. & REM. CODE §41.001(11).

12

to summary judgment on Jones' claims for past and future general damages and medical damages because Jones has no evidence to support those claims. Kroger is entitled to summary judgment on Jones' claim for exemplary damages because Jones has no evidence that Jones' alleged damages resulted from fraud, malice, or gross negligence.

WHEREFORE, for the reasons set forth above, Kroger respectfully requests that this court grant this Motion for Summary Judgment, dismissing with prejudice all of Plaintiff's claims with prejudice to refiling same, and for such other and other and further relief to which Kroger may show itself to be justly entitled.

## VI.
## Appendix

The Deposition Testimony, Affidavit, and Incident Report contained in the Appendix attached hereto are incorporated into this Motion for Summary Judgment.

Respectfully submitted,

**BAKER • WOTRING LLP**

*/s/ Earnest W. Wotring*
Earnest W. Wotring
Federal ID No. 15284
State Bar No. 22012400
*Attorney-in-Charge*
Karen R. Dow
Federal ID No. 18776
State Bar No. 06066800
Aliyah Davis
Federal ID No. 3734619
State Bar No. 24120791
700 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 980-1700
Facsimile: (713) 980-1701
ewotring@bakerwotring.com
kdow@bakerwotring.com
adavis@bakerwotring.com

**ATTORNEYS FOR DEFENDANT
KROGER TEXAS L.P.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and complete copy of the foregoing was served on the following counsel of record on October 14, 2022.

Jeffrey N. Todd
The Todd Law Group, PLLC
12929 Gulf Freeway, Suite 301
Houston, Texas 77034
jeff@jefftoddlaw.com

*/s/ Earnest W. Wotring*
Earnest W. Wotring

14